Filing # 87287504 E-Filed 04/01/2019 04:51:04 PM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION**

RAFAEL E. DURANONA VEGA,                    CASE NO.:  19-CA-003334
                                            DIVISION:  C

      Plaintiff,

v.

SIMON ROOFING AND SHEET METAL CORP.,
a foreign corporation and JAMES J. SIMON, III,

      Defendants.

_____/

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, RAFAEL E. DURANONA VEGA, by and through his undersigned attorney, hereby sues the Defendants, SIMON ROOFING AND SHEET METAL CORP., a foreign corporation (hereinafter "SIMON ROOFING AND SHEET METAL"), and JAMES J. SIMON, III, for damages and demands a trial by jury and states as follows:

1.     This is an action for damages in excess of this Court's minimal jurisdictional limits of Fifteen Thousand Dollars ($15,000.00) exclusive of costs and interest.

2.     At all times material hereto, Plaintiff, RAFAEL E. DURANONA VEGA, is a resident of Hillsborough County, Florida and over the age of 18 years and is otherwise sui juris.

3.     At all times material hereto the Defendant, JAMES J. SIMON, III, was an individual who was operating a Hyundai in Westshore Plaza located at

1

250 Westshore Plaza in Tampa, Hillsborough County, Florida.

5.     The Hyundai was rented by the Hertz Corporation to the employer of the operator.

6.     The employer of the Defendant driver, JAMES J. SIMON, III, who rented the Hyundai at the time of the accident, was the Defendant, SIMON ROOFING AND SHEET METAL.

7.     At all times material hereto the Defendant, SIMON ROOFING AND SHEET METAL, was a foreign corporation for profit.

8.     That on or about September 20, 2017, the Defendant, JAMES J. SIMON, III, was operating the subject vehicle with the express and/or implied consent of the Defendant, SIMON ROOFING AND SHEET METAL.

9.     Pursuant to the Florida's Dangerous Instrumentality Doctrine, the Defendant, SIMON ROOFING AND SHEET METAL, as the Lessee of the subject vehicle is vicariously liable for the negligence of the Defendant operator, JAMES J. SIMON, III.

10.    That on or about September 20, 2017, the Plaintiff, RAFAEL E. DURANONA VEGA, was the driver of 2002 Ford Explorer which was stopped proceeding westbound on in Westshore Plaza located at 250 Westshore Plaza in Tampa, Hillsborough County, Florida.

11.    That on or about September 20, 2017, the Defendant driver, JAMES J. SIMON, III, did operate, maintain and/or control the Hyundai so as to cause the vehicle to collide with the vehicle being driven by the Plaintiff,

2

RAFAEL E. DURANONA VEGA.

12.    That as a direct and proximate result of the negligence of the Defendant driver, JAMES J. SIMON, III, in the operation, maintenance and/or control of his motor vehicle, the Plaintiff, RAFAEL E. DURANONA VEGA, suffered serious and permanent physical injuries.

**COUNT I**
**NEGLIGENCE CLAIM OF RAFAEL E. DURANONA VEGA AGAINST**
**THE DEFENDANT DRIVER, JAMES J. SIMON, III,**

13.    The Plaintiff, RAFAEL E. DURANONA VEGA, reiterates and realleges all of the allegations contained in paragraphs 1 through 12, of this Complaint as though restated herein.

14.    The Defendant, JAMES J. SIMON, III, owed the Plaintiff, RAFAEL E. DURANONA VEGA, a duty of reasonable care in the exercise and use of the subject vehicle.

15.    The Defendant, JAMES J. SIMON, III, breached his duty of care to the Plaintiff, RAFAEL E. DURANONA VEGA, and was negligent in one or more of the following particulars:

        a.    Failure to operate the subject vehicle in a safe and reasonable manner;

        b.    Negligently driving the subject vehicle into the rear of the Plaintiff's vehicle.

        c.    Negligently driving the subject vehicle while distracted;

        d.    Failing to keep an adequate and proper lookout;

3

    e.    Failing to operate the subject vehicle in compliance the state and local traffic laws.

    f.    violating Florida Statutes §316.1925 by failing to operate the subject vehicle in a careful and prudent manner, having regard for traffic and all other attendant circumstances so as not to endanger life, limb and property of any person;

    g.    Failing to take reasonable precautions to avoid a collision;

    h.    Failing to avoid a collision with the Plaintiff's vehicle;

    i.    Failing to pay attention to the road and all attendant circumstances while operating the subject vehicle;

    j.    Failing to watch out for, and be aware of the other vehicle prior to the collision;

16.    As a direct and proximate result of the above mentioned negligence of the Defendant, JAMES J. SIMON, III, the subject vehicle collided with the automobile driven by the Plaintiff, RAFAEL E. DURANONA VEGA, which resulted in severe and permanent injury to the Plaintiff.

17.    That as a direct and proximate result of the negligence of the Defendant, JAMES J. SIMON, III, the Plaintiff, RAFAEL E. DURANONA VEGA, has suffered in the past and will continue to suffer in the future the following damages:

    a.    permanent personal injuries within a reasonable degree of medical probability;

4

b.    pain and suffering;

c.    disability;

d.    disfigurement;

e.    mental anguish;

f.    loss of capacity for the enjoyment of life;

g.    loss of earnings, past, present, and future;

h.    loss of earning capacity;

i.    medical expenses for the care and treatment of his injuries;

j.    costs related to diagnostic testing;

k.    aggravation of a pre-existing condition.

18.    The injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and/or a permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, RAFAEL E. DURANONA VEGA, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

WHEREFORE, the Plaintiff, RAFAEL E. DURANONA VEGA, demands judgment against the Defendant driver, JAMES J. SIMON, III, for damages in excess of Fifteen Thousand Dollars ($15,000.00) together with post-judgment interest, costs of these proceedings and further demands a trial by jury on all

5

issues so triable as of right.

**COUNT II**
**VICARIOUS LIABILITY CLAIM OF RAFAEL E. DURANONA VEGA AGAINST THE DEFENDANT EMPLOYER, SIMON ROOFING AND SHEET METAL**

19.     Plaintiffs reallege and readopt paragraphs 1 through 12 as if fully set forth herein and further allege that:

20.     At all times material, Defendant, SIMON ROOFING AND SHEET METAL, was the employer of the Defendant driver, JAMES J. SIMON, III, who was in the course and scope of his employment for the Defendant, SIMON ROOFING AND SHEET METAL, at the time of the accident.

21.     That the Defendant, JAMES J. SIMON, III, was on a business trip from Ohio and had been provided with the Hyundai for use in attending business functions on behalf of his employer, SIMON ROOFING AND SHEET METAL.

22.     That the Defendant, JAMES J. SIMON, III, was the permissive operator of the motor vehicle at the time accident.

23.     That the Defendant, JAMES J. SIMON, III, while operating the subject vehicle with the express and/or implied consent of the Defendant, SIMON ROOFING AND SHEET METAL, breached his duty of reasonable care in the exercise, operation and maintenance of the vehicle which caused severe injuries to the Plaintiff, RAFAEL E. DURANONA VEGA.

24.     That as a direct and proximate result of the negligence of the Defendant, SIMON ROOFING AND SHEET METAL, the Plaintiff, RAFAEL E.

6

DURANONA VEGA, has suffered in the past and will continue to suffer in the future the following damages:

  a.  permanent personal injuries within a reasonable degree of medical probability;

  b.  pain and suffering;

  c.  disability;

  d.  disfigurement;

  e.  mental anguish;

  f.  loss of capacity for the enjoyment of life;

  g.  loss of earnings, past, present, and future;

  h.  loss of earning capacity;

  i.  medical expenses for the care and treatment of his injuries;

  j.  costs related to diagnostic testing;

  k.  aggravation of a pre-existing condition.

  25.  The injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and/or a permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, RAFAEL E. DURANONA VEGA, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

WHEREFORE, the Plaintiff, RAFAEL E. DURANONA VEGA, demands judgment against the Defendant, SIMON ROOFING AND SHEET METAL, for damages in excess of Fifteen Thousand Dollars ($15,000.00) together with post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable as of right.

## COUNT III
## VICARIOUS LIABILITY CLAIM OF RAFAEL E. DURANONA VEGA AGAINST DEFENDANT LESSEE, SIMON ROOFING AND SHEET METAL

26. Plaintiffs reallege and readopt paragraphs 1 through 12 as if fully set forth herein and further allege that:

27. That the Defendant, SIMON ROOFING AND SHEET METAL, leased a Hyundai from Hertz Car Rental and provided the Hyundai to their employee, the Defendant, JAMES J. SIMON, III, to operate in the course and scope of his employment in a business meeting in Pinellas County, Florida.

28. As Lessee of the motor vehicle, the Defendant, SIMON ROOFING AND SHEET METAL, is liable for the negligent operation, maintenance and control of the motor vehicle by its employee, JAMES J. SIMON, III.

29. That the Defendant, JAMES J. SIMON, III, while operating the subject vehicle with the express and/or implied consent of the Defendant, SIMON ROOFING AND SHEET METAL, breached his duty of reasonable care in the exercise, operation and maintenance of the vehicle which caused severe injuries to the Plaintiff, RAFAEL E. DURANONA VEGA.

30. That as a direct and proximate result of the negligence of the

8

Defendant, SIMON ROOFING AND SHEET METAL, the Plaintiff, RAFAEL E. DURANONA VEGA, has suffered in the past and will continue to suffer in the future the following damages:

      a.    permanent personal injuries within a reasonable degree of medical probability;

      b.    pain and suffering;

      c.    disability;

      d.    disfigurement;

      e.    mental anguish;

      f.    loss of capacity for the enjoyment of life;

      g.    loss of earnings, past, present, and future;

      h.    loss of earning capacity;

      i.    medical expenses for the care and treatment of his injuries;

      j.    costs related to diagnostic testing;

      k.    aggravation of a pre-existing condition.

31.    The injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and/or a permanent injury within a reasonable degree of medical probability, and/or significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, RAFAEL E. DURANONA VEGA, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not

9

paid by Personal Injury Protection (No Fault benefits).

WHEREFORE, the Plaintiff, RAFAEL E. DURANONA VEGA, demands judgment against the Defendant, SIMON ROOFING AND SHEET METAL, for damages in excess of Fifteen Thousand Dollars ($15,000.00) together with post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable as of right.

TIMOTHY F. PRUGH, ESQUIRE
PRUGH & ASSOCIATES, P.A.
1009 West Platt Street
Tampa, Florida  33606
(813) 251-3548
Prugh.efile@prughlaw.com
Florida Bar Number:  138714
Attorney for Plaintiff